IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELLEN MANCO FLORES, et al., | : |
| Plaintiffs, | : |
| v. | : Civ. No. 19-2221-CFC |
| DEPARTMENT FAMILY SERVICES, et al., | : |
| Defendants. | : |

Ellen Manco Flores and Maria Venieris Romano, Dover, Delaware. Pro Se Plaintiffs.

**MEMORANDUM OPINION**

February 13, 2020
Wilmington, Delaware

CONNOLLY, U.S. District Judge:

## I. INTRODUCTION

Plaintiffs Ellen Manco Flores ("Flores") and Maria Venieris Romano ("Romano") (together "Plaintiffs"), filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 3) They proceed *pro se* and have been granted leave to proceed *in forma pauperis*. The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

Romano is the mother of several minor children. Flores is Romano's mother and has cared for Romano's children since their births. (D.I. 3 at 4) Sometimes Romano lived with her mother and the children. Other times, Romano resided elsewhere. The Complaint contains a time-line of events from 2000 through July 15, 2015, and the Complaint alleges wrongful acts occurred in 2016, 2017, 2018, and 2019. (*Id.* at 6, 15, 19, 20)

Flores alleges that she was the guardian of the children. (*Id.* at 6) In June 2016, the children were removed from Flores' home by Defendants Junitza Aponte ("Aponte") and Laura Kulaga ("Kulaga") both Child Protective Services caseworkers. (*Id.* at 6, 8) The Complaint alleges that there was no open investigation and that Defendant Child Protective Services violated the Fourth Amendment of the United States Constitution because the children were taken without a warrant. (*Id.* at 3, 8) The Complaint alleges that Aponte coerced Romano "to sign papers" and threatened her with placement "on the registry for abuse" if she did not give up her parental rights. (*Id.* at 7, 10, 13, 14)

Flores has not seen her grandchildren in four years, and she has been "in and out of court" for the past four years trying to get visitation after she was denied

1

guardianship. (*Id.* at 5, 9) Defendant B. J. Kaldikar ("Kaldikar"), identified as the guardian ad litem (presumably for the minor children) recommended to the State Court that Flores not have contact with the children. (*Id.* at 6) During a hearing, the Court was informed that the caseworkers had made a group decision that the grandmother not have contact with the children. (*Id.* at 7) The Complaint alleges that Defendants provided false information. (*Id.* at 14, 15)

Plaintiffs seek compensatory damages and injunctive relief. (*Id.* at 9, 11)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiffs proceeds *pro se*, their pleading is liberally construed and their Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see,*

2

*e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiffs leave to amend their Complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*,
3

809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

IV. **DISCUSSION**

A. **Statute of Limitations**

Plaintiffs commenced this action on December 4, 2019, alleging violation of 42 U.S.C. § 1983. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Accordingly a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915A(b)(1).

4

Plaintiffs alleges the acts complained of occurred in 2016, 2017, 2018, and 2019, and specifically in June 2016 when the children were removed from Flores' home. The time-line of events ends in 2015 and the June 2016 date is the only date specifically referred to in the Complaint. While the Complaint refers to 2017, 2018, and 2019 as the "dates of occurrence," there are no allegations on the face of the complaint referencing those dates or any allegations that a constitutional violation occurred during those years. At most, Flores alleges that she has been in out of court for the past four years and has not seen the children for the past four years. It may be that she asserts a continuing violation.

If a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing pattern falls within the limitations period. *Brenner v. Local, 514*, 927 F.2d 1283, 1295 (3d Cir. 1991); *see also Randall v. City of Philadelphia Law Dep't*, 919 F.3d 196 (3d Cir. 2019). The continuing violations doctrine is an "equitable exception to the timely filing requirement." *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 754 (3d Cir. 1995). "[T]he 'continuing violation doctrine' focuses on "affirmative acts of a defendant," and is not "a means for relieving plaintiffs from their duty to exercise reasonable diligence in pursuing their claims." *Cowell v. Palmer Twp.*, 263 F.3d 286, 293, 295 (3d Cir. 2001). A "continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *See Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982).

It is well-settled that the continuing violations doctrine "will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a claim]. On discovering an injury and its cause, a claimant must choose to sue or forego that

remedy." *Barnes v. American Tobacco Co.*, 161 F.3d 127, 154 (3d Cir. 1998) (quoting *Kichline v. Consolidated Rail Corp.*, 800 F.2d 356, 360 (3d Cir. 1986)); *see also Lake v. Arnold*, 232 F.3d 360, 366-68 (3d Cir. 2000).

Plaintiffs' claims are time-barred and are not saved by the continuing violation doctrine. It is evident from the face of the Complaint that Plaintiffs complain of the "ill effect" of the alleged original violation when the children were removed from Flores' home in June 2016. The removal occurred 2016 yet this action was not commenced until 2019, long past expiration of the two-year limitation period. Plaintiffs were in possession of the requisite information related to their alleged injuries but did not timely commence this action.

Because the allegations fall outside the limitation period, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Even had the action been timely filed, dismissal is appropriate for the reasons discussed below.

### B. Claims Made on Behalf of the Children

While not clear, it appears that Plaintiffs attempts to raise claims on behalf of the minor children. As non-attorneys, Plaintiffs may not act as an attorney for other individuals and may only represent themselves in this court. *See* 28 U.S.C. § 1654; *see also Osei-Afriye v. The Medical Coll. of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing *pro se* may not act as attorney for his children).

### C. Immunity

The claims against Defendants Department of Family Services and Child Protective Services are barred by the Eleventh Amendment. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as

a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

This Court has previously determined that claims against the Delaware Department of Services for Children, Youths and Their Families are barred by the State's Eleventh Amendment immunity. *See Watson v. Department of Services for Children, Youths and Their Families*, 2012 WL 1134512, at *3 (D. Del. Mar. 30, 2012). In addition, Child Protective Services falls under the umbrella of the Delaware Health and Social Services, a state agency, that also has immunity from suit under the Eleventh Amendment.

Delaware has not waived its immunity from suit in federal court. Although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). In addition, dismissal is proper because neither Defendant is a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008). Therefore, the Court will dismiss the claims against Department of Family Services and Child Protective Services as they are immune from suit.

In addition, the caseworkers identified by Plaintiffs - Kulaga, Aponte, and Beautiful White worker - to the extent they acted in their official capacities as employees of the State of Delaware are immune from Plaintiff's claims for the same reasons that apply to the Department of Family Services. *See Rodriguez v. Stevenson*, 243 F. Supp.

2d 58, 63 (D. Del. 2002) (holding that state immunity extends to DFS and its officials acting in official capacities). Also, the claims against the caseworkers in their personal capacities are subject to dismissal because they are entitled to quasi-judicial immunity (*i.e.*, absolute immunity) for their actions. *See Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001) ("[C]hild welfare workers are entitled to absolute immunity for their actions on behalf of the state in preparing for, initiating, and prosecuting dependency proceedings, and . . . this immunity [is] broad enough to include the formulation and presentation of recommendations to the court in the course of the proceedings."); *see also Burrell v. Loungo*, 750 F. App'x 149, 156 (3d Cir. 2018), *reh'g. denied* (Dec. 19, 2018), *cert. denied*, __U.S.__, 139 S. Ct. 2640 (2019).

Moreover, even assuming the actions undertaken by the caseworkers are subject only to qualified immunity, they are immune from suit given that Plaintiffs have not stated a plausible claim that Defendant caseworkers acted unreasonably, with malice, or without probable cause. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known); *see also Studli v. Children & Youth And Families Cent. Reg'l Office*, 346 F. App'x 804, 810 (3d Cir. 2009) (caseworkers cannot be liable for conduct that was ordered by a trial court and approvingly reviewed by an appellate court absent anything like fraud, unreasonableness or bad faith); *Doe v. Hennepin*, 858 F.2d 1325 (8th Cir. 1988) (absent showing of "malice or improper motives," county welfare agency officials entitled to qualified immunity from damages claims arising out of the removal of plaintiffs'

children from their home for 16 days due to suspected child abuse). All three caseworkers will be dismissed based upon their immunity from suit.

Finally, it appears that Kaldikar was appointed as the guardian ad litem to represent the minor children. A guardian ad litem is absolutely immune from § 1983 liability when acting as an "integral part[ ] of the judicial process." *Gardner by Gardner v. Parson*, 874 F.2d 131, 146 (3d Cir. 1989) (quoting *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983)); *see also Rieco v. Hebe*, 633 F. App'x 567, 569 (3d Cir. 2015). This immunity extends to "exercising functions such as testifying in court, prosecuting custody or neglect petitions, and making reports and recommendations to the court." *Id.* at 146. Kaldikar will be dismissed based upon immunity from suit.

### D. False Testimony/Witness Immunity

Plaintiffs allege the foregoing Defendants provided false or incorrect statements during the court proceedings. However, to the extent the Defendants were acting as advocates of the state court, such claims are also barred by quasi-judicial immunity. *Cf. Yarris v. County of Delaware*, 465 F.3d 129, 139 (3d Cir. 2006) (prosecutor alleged to have solicited false testimony absolutely immune to extent the conduct occurred while acting as an advocate rather than an investigator).

In addition, to the extent Plaintiffs seek to hold liable any defendant who testified in the Family Court proceedings, these Defendants are immune from suit. Witnesses are immune from § 1983 liability where the claim is based on allegations of perjury, either at trial or during pretrial proceedings. *See Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) ("[A] trial witness has absolute immunity [from suit under § 1983] with respect to any claim based on the witness' testimony."); *McArdle v. Tronetti*, 961 F.2d 1083, 1085

(3d Cir. 1992) (witness immunity applies to testimony given at pretrial hearings as well as to trial testimony); *Benckini v. Upper Saucon Twp.*, 2008 WL 2050825, at *11 (E.D. Pa. May 13, 2008) (absolute immunity afforded to witnesses, including police officers, charged under § 1983 for alleged perjurious testimony at pretrial proceedings).

These claims will be dismissed.

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous and based upon Defendants' immunity from suit pursuant 28 U.S.C. § 1915A(b)(1) and (2). Amendment is futile.

An appropriate order will be entered.